NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50416 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00415-R-1 |
| v. | |
| STEVEN ANTHONY QUINTANA, AKA Lil Slugger, AKA Slugger, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 18, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,**
District Judge.

Steven Anthony Quintana pled guilty to possession with the intent to

distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

Because Quintana had two prior convictions for possession of methamphetamine for

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

sale under California Health and Safety Code § 11378, Quintana was subject to a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) and the career offender sentencing enhancement under U.S.S.G. § 4B1.1. In 2017, the district court sentenced Quintana to 180-months in prison followed by eight years of supervised release, which Quintana now appeals. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We vacate Quintana's sentence and remand for resentencing.

1. If sentenced under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 519, Quintana would not have been subject to a ten-year mandatory minimum sentence previously mandated under 21 U.S.C. § 841(b)(1)(B). *See* First Step Act § 401(a)(1)–(2) . We therefore remand for the district court to consider in the first instance whether the First Step Act applies to Quintana, who was sentenced prior to its enactment, and, if so, to resentence Quintana accordingly. *See Wheeler v. United States*, 139 S. Ct. 2664, 2664 (2019) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Third Circuit for the court to consider the First Step Act of 2018."). On remand, the district court is free to reopen and review all sentencing issues and to consider the effect, if any, of this Court's opinion in [*United States v. Gamboa*, 19-50014]; *see also United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012) ("Under 28 U.S.C. § 2106, courts of appeals may issue either general or limited remands. A general remand permits the district court to

17-50416

redo the entire sentencing process, including considering new evidence and issues.") (internal citations omitted).

2.      Also, before the Court is Appellant's unopposed motion to take judicial notice of certain conviction records.  D.I. 13.  We hereby grant this motion.

**VACATED AND REMANDED.**

17-50416